UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00196-GNS-HBB

LAWRENCE STINNETT                                                                    PETITIONER

v.

KATHY LITTERAL, Warden                                                              RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner's Objection (DN 28, 29) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 27). For the following reasons, the R. & R. is **ADOPTED** and Petitioner's Objection is **OVERRULED**. Petitioner's Petition for Writ of Habeas Corpus (DN 1, 16) is **DISMISSED**.

**I.     BACKGROUND**

The facts and procedural history in this matter are not in dispute. (*See* R. & R. 1-6, DN 27). Petitioner was indicted for the brutal 2006 kidnapping and murder of his girlfriend. *Stinnett v. Commonwealth*, 364 S.W.3d 70, 75 (Ky. 2011). At trial, Petitioner represented himself with the assistance of two attorneys from the Department of Public Advocacy serving as stand-by, or hybrid, counsel. *Id.* He was convicted and sentenced to a term of life without parole. *Id.* The Kentucky Supreme Court affirmed his conviction on direct appeal. *Id.* at 74. After he sought relief under Ky. R. Crim. P. 11.42, the Kentucky Court of Appeals affirmed the Warren Circuit Court's decision. *Stinnett v. Commonwealth*, No. 2015-CA-000157-MR, 2016 WL 4490586, at *1-9 (Ky. App. Aug. 26, 2017). The Kentucky Supreme Court denied Petitioner's motion for discretionary review. (DN 18-2).

In his Petition for a Writ of Habeas Corpus, Petitioner sets forth two claims: (1) that his Sixth Amendment right to self-representation was violated by his appointed standby counsel, for which the Kentucky Court of Appeals improperly failed to grant relief upon based on an unreasonable application of *McKaskle v. Wiggins*, 465 U.S. 168 (1984); and (2) to the extent that standby counsel were operating within their proper duties as counsel, he received ineffective assistance of counsel under the Sixth Amendment and the Kentucky Court of Appeals' holding was a contrary to and an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

## II.   JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

## III.   STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted) (internal citation omitted) (citation omitted). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

When reviewing a magistrate judge's report and recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections "wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (internal quotation marks omitted) (citation omitted)). New arguments raised for the first time in a petitioner's objection to a magistrate judge's report and recommendation are considered waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Courts have applied this general rule in the habeas corpus context. *See Brewer v. Bottom*, No. 10-26-KSF, 2012 WL 404878, at *8 (E.D. Ky. Feb. 8, 2012) (rejecting petitioner's claim in habeas petition raised for the first time in objections to the report and

recommendation and noting that "[t]hese reasons alone are sufficient grounds to reject [the petitioner's] objection.").

## IV. DISCUSSION

On October 25, 2017, Magistrate Judge Brennenstuhl issued an R. & R. recommending dismissal of Petitioner Lawrence Stinnett's ("Petitioner") Petition for Writ of Habeas Corpus on the merits of Petitioner's claims that the Kentucky Court of Appeals unreasonably applied: (1) *McKaskle* when it concluded that his Sixth Amendment right to self-representation was not violated by his appointed standby counsel; and (2) *Strickland* when it found that standby counsel operated within their proper duties as counsel, and Petitioner had received effective assistance under the Sixth Amendment. (R. & R. 8-10, 14, 26, 37). Petitioner raises fourteen objections to the R. & R.; only two, however, are true objections rather than recitations of the same arguments presented to the Magistrate Judge or entirely new arguments. (Pet'r's Obj., DN 28, 29). Having reviewed for clear error, the Court finds that these twelve objections are unfounded and the R. & R.'s conclusions sound. The two properly made objections will be addressed in turn.

First, Petitioner objects to the Magistrate Judge's contention that Petitioner's extreme emotional disturbance ("EED") would have dissipated during his drive from Oklahoma to Kentucky. (Pet'r's Obj. 4). This fairly innocuous observation, however, *followed* the Magistrate Judge's conclusion that the Kentucky Court of Appeals had properly applied *McKaskle*. (R. & R. 19-20). Petitioner argued that standby counsel undercut his trial strategy and right to self-representation by asking the jury not to allow their disbelief of Petitioner's conspiracy theory to undermine the remainder of his case; Petitioner conceded, however, that he consented to standby counsel making a closing argument following his own at the close of the guilt phase of the trial. (R. & R. 19-20). In pertinent part, the Kentucky Court of Appeals' opinion reads:

4

> Stinnett argues that his trial strategy was subverted when standby counsel covered topics in his closing argument that Stinnett did not cover in his *pro se* closing argument. Stinnett's argument fails because he consented to standby counsel's representation during closing argument in order to address issues not addressed by Stinnett in his *pro se* closing. Thus, Stinnett's right to self-representation was not violated.

*Stinnett*, 2016 WL 4490586, at *4. As noted in the R. & R., the Supreme Court instructed in *McKaskle* that counsel's participation "with a *pro se* defendant's express approval is, of course, constitutionally unobjectionable. A defendant's invitation to counsel to participate in the trial obliterates any claim that the participation in question deprived the defendant of control over his own defense." *McKaskle*, 465 U.S. at 182. The Magistrate Judge found that the Kentucky Court of Appeals properly applied this rule, as there was "no dispute that Stinnett expressly approved of standby counsel making the closing argument." (R. & R. 20). Upon review, the Magistrate Judge's conclusion regarding closing arguments was proper, and was only *bolstered* by the objectionable comment rather than *hinging* upon it. The Court will therefore overrule this objection.

Petitioner next objects that the Magistrate Judge's reliance on *Wilson v. Parker*, 515 F.3d 682 (6th Cir. 2008), was inapposite to his own case. (Pet'r's Obj. 4). The Magistrate Judge's use of *Wilson*, however, only served to illustrate the rule advocated by Petitioner himself—namely that the Court should conduct a 28 U.S.C. § 2254(d)(1) assessment of the Kentucky Court of Appeals' application of the *Strickland* standard to Petitioner's claim of ineffective assistance of counsel. (R. & R. 26-28). Upon review, the Magistrate Judge's use of *Wilson* as Sixth Circuit precedent was appropriate, and was indeed in service of Petitioner's own argument regarding Section 2254(d)(1). Therefore, the Court holds that Petitioner's objection has no merit and is overruled.

Petitioner did not object to the R. & R.'s recommendation to deny a certificate of appealability as to both claims set forth in the petition. (R. & R. 37). The Court agrees with the Magistrate Judge that a certificate of appealability should be denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 28, 29) is **OVERRULED**;

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 27) are **ADOPTED** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1, 16) is **DISMISSED**;

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
February 22, 2018

cc: counsel of record